# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAYA SHIVANI SINGH,**

      **Plaintiff,**

v.                                                          **Case No: 6:17-cv-802-Orl-41DCI**

**LEVY WORLD LIMITED**
**PARTNERSHIP,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **RENEWED JOINT STIPULATION OF DISMISSAL WITH PREJUDICE OR ALTERNATIVE RENEWED JOINT MOTION TO APPROVE SETTLEMENT (Doc. 22)**
>
> **FILED:**    **October 23, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

On or about March 29, 2017, Plaintiff filed a complaint in state court alleging causes of action arising under the Florida Minimum Wage Act and the overtime provisions of the Fair Labor Standards Act (FLSA).[1]  Doc. 2.  Defendant removed the case to federal court on May 5, 2017.  Docs. 1; 2.

---

[1] Plaintiff did not allege a cause of action under the minimum wage provisions of the FLSA.  *See* Doc. 2.

On August 14, 2017, the parties filed a Joint Stipulation of Dismissal with Prejudice. Doc. 18. Therein, the parties alleged that "Plaintiff has not compromised her claim and . . . that she is being paid the full amount of FLSA damages which she would have recovered had she prevailed at trial." *Id*. at 1.  On August 30, 2017, the Court entered an Order striking the parties' Joint Stipulation of Dismissal with Prejudice. Doc. 19. The Court explained that Plaintiff's FLSA claim "may only be settled or compromised upon review of the settlement agreement, by the district court, for fairness," and that the "parties cannot avoid judicial review by stipulating that there was no compromise because Plaintiff received full compensation." *Id*. at 1-2 (citations omitted).

On September 6, 2017, the parties filed a Joint Motion to Approve Settlement to which the parties attached their settlement agreement (the Agreement). Docs. 20; 20-1. In their joint motion, the parties represented that Defendant agreed to pay to Plaintiff $1,000.00 to resolve this case. Doc. 20 at 2.  But the parties did not identify what portion of the proposed settlement amount applies to Plaintiff's FLSA claim. *Id*. Instead, the parties asserted that the settlement amount represents at least the full value of Plaintiff's FLSA claim and that Plaintiff did not compromise her FLSA claim, and directly implied that Plaintiff was receiving some unknown amount in exchange for dismissing her FLSA claim.[2] *Id*. at 2, 4. The parties further asserted that Defendant's "records revealed that [Plaintiff] did not work forty hours in a workweek." *Id*. at 2. And although the parties stated that Defendant believes that Plaintiff is not entitled to benefits for her FLSA claim, the parties seemed to imply that whether or not Plaintiff worked any overtime hours was still a disputed issue. *Id*.

---

[2] "Significantly, the parties agree that Plaintiff is recovering value for her disputed FLSA claim equal to or greater than what she could have recovered on that claim had she prevailed at trial." Doc. 20 at 4 (emphasis removed).

On October 19, 2017, the Court entered an Order denying without prejudice the parties' joint motion.  Doc. 21.  Therein, the Court identified various deficiencies in the parties' joint motion and in the Agreement.  *Id*.  One such deficiency, the Court noted, was that although the parties alleged that Defendant's "records revealed that [Plaintiff] did not work forty hours in a workweek," that allegation is not determinative where Plaintiff alleged that she was compelled to work "off the clock."  *Id*. at 2 n.1; *see also* Docs. 17 at 2-3; 20 at 2.  The Court granted the parties leave until November 1, 2017 to file a renewed motion to approve their settlement agreement.  Doc. 21.

On October 23, 2017, the parties filed a Renewed Joint Stipulation of Dismissal with Prejudice or Alternative Renewed Joint Motion to Approve Settlement (the Motion).[3]  Doc. 22.  In the Motion, the parties stated that "[u]pon review of the time records and pay records by Plaintiff and her counsel, they agreed that there was no dispute that Plaintiff could not under any circumstances state any type of claim under the FLSA."  *Id*. at 1 (emphasis removed).  The parties explained that Plaintiff erroneously considered "2 week pay periods rather than individual weeks when she originally claimed that she sometimes worked over forty hours."  *Id*. at 2; *see also* Doc. 17 at 2.  As such, the parties argued, Defendant's time records that revealed that Claimant never worked more than twenty-five hours in a given week, coupled with Plaintiff's allegations that she worked only one or two hours off-the-clock each week, demonstrate that Plaintiff does not have a valid claim for overtime wages under the FLSA.  *See* Docs. 17 at 2; 22 at 1-2.  In fact, the parties asserted that Plaintiff acknowledged that her FLSA claim has no merit, and that "Plaintiff's intention was to dismiss with prejudice the FLSA cause of action in exchange for Defendant not seeking its fees associated with defending that cause of action," but that "[b]efore that happened,

---

[3] The parties did not attach a settlement agreement to the Motion.

. . . the parties were able to resolve Plaintiff's remaining claims." Doc. 22 at 2. Consistent with the foregoing, the parties advised the Court that no portion of the $1,000.00 settlement amount is directed to Plaintiff's FLSA claim, but that as part "of the global resolution, Defendant agreed not to seek to recover its fees and costs associate[d] with defending the FLSA claim." *Id*.

Under normal circumstances, parties must obtain the Court's approval of any settlement agreement that resolves a claim for unpaid minimum or overtime wages under the FLSA. .[4] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). But given the facts of this particular case, the undersigned finds that the Court's approval is not necessary. The parties adequately established, based upon Defendant's time records and Plaintiff's responses to the Court's interrogatories, that Plaintiff did not have a valid overtime wage claim under the FLSA. *See* Docs. 17 at 2; 22 at 1-2. Moreover, Plaintiff expressly acknowledged that her FLSA claim had no merit, and no portion of the $1,000.00 settlement amount is directed to Plaintiff's FLSA claim. Doc. 22 at 2. As such, there has been no "settlement" of Plaintiff's FLSA claim for the Court to review. Rather, Plaintiff's FLSA claim is merely being voluntarily dismissed on the basis that it has no merit. *See* Fed. R. Civ. P. 41(a). Even to the extent that Plaintiff could be said to have "settled" her FLSA claim, the undersigned finds that Plaintiff did not compromise her FLSA claim, as her FLSA claim was meritless and thus had no value that Plaintiff could have compromised. *See* Doc. 19 at 2 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (clarifying that, while non-compromised claims are not subject to plenary review, the

---

[4] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

initial determination of whether a plaintiff receives full compensation is reserved for the district court)).

However, the undersigned does not find that dismissal with prejudice is appropriate in this instance, given that: the Court has not approved a "settlement" of Plaintiff's FLSA claim; Plaintiff has received nothing for her FLSA claim; and dismissal with prejudice would prevent Plaintiff from bringing a valid FLSA overtime claim against Defendant in the future should Plaintiff later discover that one exists.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 22) be **GRANTED in part** to the extent that Plaintiff's case be **DISMISSED without prejudice** and that the Clerk be directed to close the case.  The undersigned renders no opinion whatsoever on the propriety or enforceability of the Agreement attached to the parties' original joint motion to approve settlement. *See* Docs. 20; 20-1.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on December 7, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy