UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAYA SHIVANI SINGH,**

    **Plaintiff,**

**v.**                                                                                          **Case No: 6:17-cv-802-Orl-41DCI**

**LEVY WORLD LIMITED**
**PARTNERSHIP,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on the Renewed Joint Stipulation of Dismissal with Prejudice or Alternative Renewed Joint Motion to Approve Settlement ("Motion to Dismiss," Doc. 22). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 23), recommending that the Motion to Dismiss be granted in part. This cause is also before the Court on the Joint Motion for Remand (Doc. 24).

In her Complaint (Doc. 2), Plaintiff asserts claims for unpaid wages under the Florida Minimum Wage Act, Fla. Stat. § 448.110, and for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. During the litigation process, Plaintiff discovered that she had been mistaken about her FLSA overtime claims; now Plaintiff agrees that she did not work any overtime while employed by Defendant. Based on this agreement, Plaintiff seeks to dismiss her claims with prejudice.

Judge Irick concluded that there was no "settlement" of Plaintiff's claim—she is simply voluntarily dismissing a meritless claim. Thus, Judge Irick recommends that because there is nothing for the Court to approve, dismissal with prejudice is inappropriate. This Court disagrees.

"[A]fter judicial inquiry confirms both 'full compensation' and 'no side deal' (in other words, the absence of compromise), no further judicial inquiry [into the settlement of an FLSA claim] is necessary." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010). There has been no compromise here because Plaintiff—by her own admission, with the advice of counsel—has no FLSA claim to compromise. Thus, this Court need not further scrutinize the parties' agreement for Plaintiff to voluntarily dismiss this matter with prejudice. Moreover, even if additional scrutiny were necessary, Plaintiff is receiving the benefit of Defendant not seeking an award of costs in exchange for the dismissal with prejudice. (Doc. 22 at 2). This is certainly a fair and reasonable outcome for Plaintiff, and Defendant is entitled to the certainty that a with-prejudice dismissal brings.

The Court, however, agrees with Judge Irick's assessment that it need not review or approve the parties' Settlement Agreement (Doc. 20-1). That Agreement does not involve Plaintiff's FLSA claim and is irrelevant to this analysis.

Finally, the parties jointly request that this case be remanded to state court because with the dismissal of Plaintiff's FLSA claim, the only remaining claim is brought under state law, and no other basis for this Court to exercise its subject matter jurisdiction exists. The Court agrees, and the motion to remand will be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 23) is **ADOPTED in part** and **REJECTED in part**.
2. The Renewed Joint Stipulation of Dismissal with Prejudice or Alternative Renewed Joint Motion to Approve Settlement (Doc. 22) is **GRANTED**. Plaintiff's FLSA claim is **DISMISSED with prejudice**.

3. The Joint Motion for Remand (Doc. 24) is **GRANTED**.

4. The Clerk is directed to **REMAND** this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case Number 2017-CA-003028. Thereafter, the Clerk shall close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 12, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Clerk of Court of the Ninth Judicial Circuit in and for Orange County, Florida